IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| REGIONS BANK, as Revolving Credit Lender and as Administrative Agent and Collateral Agent for REGIONS COMMERCIAL EQUIPMENT FINANCE, LLC, as Term Lender,<br>　　　Plaintiff,<br><br>v.<br><br>M/V MAXX B, *in rem*, M/V MISS ALLISON, *in rem*, and M/V MISS LILLIE, *in rem*,<br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　CIVIL ACTION 1:22-00365-KD-MU<br>)　　　　　　　IN REM<br>)<br>)<br>)<br>)<br>) |

**ORDER CONFIRMING SALE OF VESSELS**

This matter is before the Court on the Plaintiff Regions Bank's Motion to Confirm the Sale of Vessels (Doc. 37), Amended Motion to Confirm the Sale of the Vessels (Doc. 38), the U.S. Marsha's Notice regarding publication (Doc. 39), and the U.S. Marshal's Notice of Written Report (Doc. 40).

A review of the record reveals that pursuant to the Court's March 23, 2023 Amended Decree Ordering Sale of Vessels (Doc. 31), the M/V MAXX B (Official No. 641456), her engines, freight, tackle, appurtenances, apparel, etc., the M/V MISS ALLISON (Official No. 650648) her engines, freight, tackle, appurtenances, apparel, etc., and the M/V MISS LILLIE (Official No. 64610) her engines, freight, tackle, appurtenances, apparel, etc. (the Vessels), were sold at public auction by the U.S. Marshal on April 19, 2023.  (Docs. 33, 34, 35, 36).

According to the Plaintiff, on April 19, 2023 it submitted a credit bid of $95,000 for each vessel and was the successful bidder purchasing all three (3) Vessels at the public auction.  (Doc. 37 at 2).  On April 26, 2023, Plaintiff filed a motion for confirmation of this sale.  (Doc. 37).  On May 1, 2023, Plaintiff filed an amended motion for confirmation (Doc. 38).  On May 4, 2023, the U.S.

1

Marshal filed a Notice (publication) and a Notice (written report).  (Docs. 39, 40).

At the outset, as the successful bidder Plaintiff has not paid the Clerk a deposit of at least $1,000 or 10% of the bid (whichever is greater) and/or paid the balance within three (3) business days of the sale pursuant to SDAL Admiralty LR 103(m)(2) presumably because it was "otherwise ordered in the order of sale" (no such payments were ordered).[1] Additionally, as asserted by the Plaintiff, as of the date of its April 26, 2023 motion to confirm, more than three (3) business days had elapsed since the April 19, 2023 public auction of these Vessels and no interested person has filed a written objection to the sale with the Clerk of Court pursuant to SDAL Admiralty LR 104(m)(6).[2] The Court's review of the record confirms Plaintiff's assertion. Moreover, Plaintiff asserts that as of the date of its April 26, 2023 motion, five (5) days[3] have elapsed since the April 19, 2023 public auction of these Vessels and no interested person has filed a written objection to the sale, thus prompting the motion to confirm the sale of the vessels per Admiralty LR 104(m)(7).[4] The Court's review of the record confirms Plaintiff's assertions.

---

[1] SDAL Admiralty LR 104(m)(2) Payment of Bid: "These provisions apply unless otherwise ordered in the order of sale: ... (B) If the bid exceeds $1,000.00, the bidder shall immediately pay the Clerk a deposit of at least $1,000.00 or ten percent (10%) of the bid, whichever is greater, and shall pay the balance within three (3) business days; ...and (D) Payment shall be made in cash, by certified check, cashier's check, or wire transfer."

[2] SDAL Admiralty LR 104(m)(6) Time and Procedure for Objection to Sale: "An interested person may object to the sale by filing a written objection with the Clerk within three (3) business days following the sale, serving the objection on all parties of record, the successful bidder, and the Marshal, and depositing a sum with the Marshal that is sufficient to pay the expense of keeping the property for at least seven (7) days. Payment to the Marshal of such sum shall be by certified check or cashier's check. The Court shall hold a hearing on the confirmation of the sale."

[3] Calendar days; if five (5) business days after the sale, the original motion would be premature.

[4] SDAL Admiralty LR 104(m)(7) Confirmation of Sale: "If no objection to the sale has been timely filed, the sale shall be confirmed by order of the Court no sooner than five (5) days after the sale and no later than seven (7) days after the sale. The Marshal shall transfer title to the purchaser upon the order of the Court."

Further, the U.S. Marshal has filed a Notice regarding publication of the Sale of the Vessels as well as a written report, as required by SDAL Admiralty LR 104(m)(1) and LR 104(m)(5). Specifically, SDAL Admiralty LR 104(m)(1) provides as follows:

> (m) Sale of Property.
> (1) Notice. Unless otherwise ordered, upon good cause shown, or as provided by law, notice of sale of property in an action *in rem* shall be published in a newspaper of general circulation in the District one (1) time a week for two (2) consecutive weeks with the last date of publication not less than seven (7) days immediately preceding the sale. The Marshal shall file with the Clerk a copy of the notice as it was published. The notice of sale shall state the last date on which claims can be filed against the vessel or property or proceeds of sale of same, as provided in Local Admiralty Rule 104(k)(1).

The U.S. Marshal filed "a copy of the notice as it was published[,]" confirming the Notice of Sale was published in *Lagniappe* (a newspaper of general circulation in the District) for one (1) time a week for two (2) consecutive weeks -- on March 29 and April 5, 2023 -- with the last date of publication not less than seven (7) days immediately preceding the April 19, 2023 sale. (Doc. 39).[5] The Court is satisfied with the U.S. Marshal's representations and the published notice.

SDAL Admiralty LR 104(m)(5) provides as follows:

> (5) Report of Sale by Marshal. At the conclusion of the sale, the Marshal shall forthwith file a written report with the Court setting forth the notice given; the fact of the sale; the date of the sale; the names, addresses, and bid amounts of the bidders; the price obtained; and any other pertinent information.

The U.S. Marshal has filed a written report providing the required information. (Doc. 40). The Court is satisfied with the U.S. Marshal's representations written report.

Finally, the Court reviews the terms of the Amended Decree Ordering the Sale of the Vessels which set forth, in part, requirements for the sale:

---

[5] The SDAL Admiralty LR only requires publication twice (2) during a two (2) week period. As noted by the Marshal, the Writ of *Venditioni Exponas* required the sale to be advertised in the Lagniappe publication for three (3) consecutive weeks on 3/29/23, 4/5/23, and 4/12/23, but no Notice was published on 4/12/23. Plaintiff's counsel has explained in its Amended Motion, that the Writ inadvertently contained a requirement that the Notice be published for three (3) weeks, a requirement which is no longer applicable per the SDAL Admiralty LR, such that the 4/12/23 publication date was not required. (Doc. 38

3

> 5. That the U.S. Marshal conducting the ... sale shall follow the following terms of sale ... The terms set forth below will apply to each sale individually:
>
>   a. all bidders must pre-qualify to bid for each individual auction by registering with the U.S. Marshal conducting the sale, providing the bidder's name, company (if applicable), physical address, email address, telephone number, and display cash or a cashier's check from an acceptable banking institution made payable to the U.S. Marshal in the amount of $100,000 for each vessel on which the bidder intends to bid;
>
>   b. the successful bidder at each individual sale shall, immediately upon conclusion of such sale, deposit with the U.S. Marshal $100,000 in cash or a cashier's check from an acceptable banking institution;
>
>   c. the successful bidder in each sale shall deposit with the U.S. Marshal the balance of the bid price in cash, wire transfer, or cashier's check from an acceptable banking institution within ten (10) days subsequent to confirmation of the sale of said vessel or vessels;
>
>   ***
>
>   g. if the Plaintiff is the successful bidder at the sale, the Plaintiff's successful bid amount shall be credited against the amount due Plaintiff, plus all costs, advances, and fees, with interest accrued between entry of the Judgment and confirmation of sale. The provisions of Paragraph 6.f. above shall not apply to the Plaintiff.

(Doc. 31 at 3-4).

In its Amended Motion, Plaintiff explains that these sale terms in the Amended Decree Ordering the Sale of the Vessels are inapplicable because:

> "Credit bidding" refers to the right of a secured creditor to pay the purchase price for assets that are the subject of a sale with its claim without the need to pay cash as required for other bidders. *In re RML Dev., Inc.,* 528 B.R. 150, 153–54 (Bankr. W.D. Tenn. 2014)("The term 'credit bid' . . . is a colloquial term used to express a secured creditor's right to bid at the sale of its collateral and then, at closing, offset the purchase price by the value of its outstanding claim secured by the collateral being purchased."). A credit bid operates "as if the secured creditor paid cash and then immediately reclaimed the cash in payment of the secured debt." In re HNRC Dissolution Co., 340 B.R. 818, 825 (E.D. Ky. 2006).
>
> As explained by the United States District Court for the Northern District of Alabama, credit bid rights have been recognized for a century. *Liberty Ins. Corp. v. Shaw,* No. 1:19-CV-01397-CLM, 2021 WL 488264, at *4 (N.D. Ala. Feb. 10, 2021);

---

at 2 at note 2). The Court is satisfied with counsel's explanation.

> *see, e.g., Breen v. Baldwin County Federal Savings Bank,* 567 So.2d 1329, 1332–1333 (Ala.1990) (affirming summary judgment in favor of creditor despite debtor's claim that the bank's credit bid accounted for only 54% of the alleged fair market value of the property).
>
> Moreover, the First Preferred Fleet Mortgage, which forms the basis of this vessel foreclosure action, gives the Mortgagee (Regions Bank) the contractual right to "bid and become a purchaser at any public or judicial sale of the Vessels or any Additional Collateral, and, in such event, shall be entitled to credit on the purchase price any and all sums due to Mortgagee hereunder or otherwise under the Secured Obligations." (See First Preferred Fleet Mortgage, Doc. 1-2, at ¶ 5.01, PageID#:70-71.) Accordingly, Regions Bank was entitled to bid on and purchase the Vessels at the public auction without the need to submit cash or a cashier's check for the amount of its bid, which amount acts as a credit against the amount owed to the Plaintiff.

(Doc. 38 at 2-3).

Upon consideration, the Court is satisfied that the requirements have been met to confirm the sale of the three (3) Vessels. Thus, it is **ORDERED** that Plaintiff's Motion to Confirm the Sale of Vessels (as amended) (Docs. 37, 38) is **GRANTED.**

Accordingly, it is therefore:

**ORDERED, ADJUDGED** and **DECREED** that the sale of the M/V MAXX B (Official No. 641456), her engines, freight, tackle, appurtenances, apparel, etc., is hereby **CONFIRMED** and that the United States Marshal for the Southern District of Alabama shall execute and deliver a Bill of Sale conveying to Plaintiff all right, title, and interest in and to the M/V MAXX B (Official No. 641456), her hull, engines, tackle, etc., free and clear of all liens, mortgages and other encumbrances.

**ORDERED, ADJUDGED** and **DECREED** that the sale of the M/V MISS ALLISON (Official No. 650648) her engines, freight, tackle, appurtenances, apparel, etc., is hereby **CONFIRMED** and that the United States Marshal for the Southern District of Alabama shall execute and deliver a Bill of Sale conveying to Plaintiff all right, title, and interest in and to the

M/V MISS ALLISON (Official No. 650648) her hull, engines, tackle, etc., free and clear of all liens, mortgages and other encumbrances.

**ORDERED, ADJUDGED,** and **DECREED** that the sale of the M/V MISS LILLIE (Official No. 64610) her engines, freight, tackle, appurtenances, apparel, etc., is hereby **CONFIRMED** and that the United States Marshal for the Southern District of Alabama shall execute and deliver a Bill of Sale conveying to Plaintiff all right, title, and interest in and to the M/V MISS LILLIE (Official No. 64610) her hull, engines, tackle, etc., free and clear of all liens, mortgages and other encumbrances.

**ORDERED, ADJUDGED,** and **DECREED** that the M/V MAXX B (Official No. 641456), her engines, freight, tackle, appurtenances, apparel, etc., the M/V MISS ALLISON (Official No. 650648) her engines, freight, tackle, appurtenances, apparel, etc., and the M/V MISS LILLIE (Official No. 64610) her engines, freight, tackle, appurtenances, apparel, etc., are hereby **RELEASED** from their respective writs of arrest / seizure and from the custody of the Substitute Custodian National Maritime Services, Inc.; and

**ORDERED** that Substitute Custodian National Maritime Services, Inc. **SHALL DELIVER** possession of the three (3) Vessels (M/V MAXX B (Official No. 641456), M/V MISS ALLISON (Official No. 650648) and M/V MISS LILLIE (Official No. 64610)) to Plaintiff, and that upon delivery, the Substitute Custodian shall be **DISCHARGED** from its duties.

**DONE** and **ORDERED** this the **5th** day of **May 2023.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**